UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND MCNEIL LOVE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:10-cv-0776-LJM-DML |
| WAYNE SCAIFE, et al., | ) |
| Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. no. 89] is **granted** and the plaintiff's motion to deny defendants' motion for summary judgment [dkt. no. 99] is **denied.**

## I.  Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is Raymond Love ("Love"), an inmate in custody at all relevant times at the Pendleton Correctional Facility ("Pendleton"). The defendants are prison library supervisor Wayne Scaife ("Scaife"), library supervisor Nova Guffey ("Guffey"), Sgt. Timothy Nickles ("Sgt. Nickles"), and Vedora Hinshaw ("Hinshaw"). Love alleges that the defendants prevented him from having adequate access to the law library from March 2008, through June 2008, resulting in the dismissal of his appeal of the denial of his petition for post-conviction relief. He seeks damages.

The defendants seek resolution of Love's claims through the entry of summary judgment. Love has opposed the motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Love as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment.

In early 2008, Love was confined at Pendleton in the O dorm. Hinshaw was a case manager at Pendleton in 2008. In March of 2008, Scaife was the law library supervisor. Guffey assumed the duties as law library supervisor in May 2008. In 2008, Sgt. Nickles was the grievance supervisor at Pendleton.

When Love had a deadline in a legal matter, he would take to the law library a copy of the order setting forth the deadline to let the supervisor know about the deadline. The law library staff would make a copy of the document and let Love know when he could start coming to the law library to work on his legal matters. Sometimes Love gave his paperwork to another offender to take to the law library to inform staff of his deadline. Once the law library supervisor received

information regarding a specific deadline, Love would receive a pass that would allow him to go to the law library. Offenders could also complete law library forms to request a pass to use the law library. Offenders receive their passes to go to the law library from correctional officers.

On January 14, 2008, Love filed a notice of appeal in Indiana state court appealing the denial of his motion for post-conviction relief related to his 1999 criminal conviction. Love's post-conviction claims involved allegations of ineffective assistance of counsel, jury misconduct, and prosecutor misconduct.

Love's original deadline for his brief and appendix was thirty days after the completion of the clerk's record on March 5, 2008, meaning April 4, 2008. Love provided the order to another offender to take to the law library the day after he received the order. On March 28, 2008, Love filed a motion for extension of time to file his appellate brief, and an order dated April 7, 2008, granted him a deadline of May 19, 2008.

Love received passes to go to the law library on April 7, April 8, April 17, April 22, April 24, and April 29, 2008. (Love Depo. pp. 65). Because he had not completed his brief, Love filed a second motion for extension of time on May 10, 2008. Love received additional passes on May 13 and May 15, 2008. *Id.* In an order of May 20, 2008, Love was given a final deadline of June 13, 2008, to file his brief. On June 1, 2008, Love sent a request for interview to Hinshaw telling her about his June 13, 2008, deadline and asked her to contact the law library to find out why he had not been receiving law library passes. Love received passes on June 3, June 5, and June 10, 2008. Love was not able to go to the law library on June 3, June 5, and June 10, but he did go to the law library on the other dates that he received passes. (Love Depo. pp. 65-67). On June 10, 2008, Hinshaw discussed the matter with Love and he was given another pass on June 12, 2008. *Id.* at 65.

On June 13, 2008, Love sent the portion of his brief that he had completed to the Indiana

Court of Appeals along with another motion for extension of time. The motion for extension of time filed on June 13, 2008, was denied on July 1, 2008. The Court of Appeals dismissed the appeal with prejudice on August 25, 2008, for failure to timely file a brief.

Three different offenders assisted Love in varying degrees with the preparation of his appellate brief –Ernie Tope, Robert Baker, and Mike Gent. More specifically, Tope worked in the law library and helped Love for approximately two weeks in April of 2008. Jent helped Love research cases for his brief.

**B.     Analysis**

Prisoners have a fundamental right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). The right of access is not unlimited, rather, it is to "meaningful access." *Id.* at 824. To prevail on a denial of access to the courts claim, a plaintiff must present evidence showing that "he suffered actual injury - *i.e.,* that prison officials interfered with his legal materials - and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos,* 735 F.3d 584, 587 (7th Cir. 2013).

"The Supreme Court has also made it clear that a prisoner's right of access to the courts does not guarantee the *effective* presentation of his civil claims." *Pruitt v. Mote,* 503 F.3d 647, 657 (7th Cir. 2007). "The right of access to the courts protects prisoners from being shut out of court; it does not exist to enable the prisoner … to litigate effectively once in court." *Id.* (internal quotations and citation omitted). Prison officials can satisfy the Constitution by providing "law libraries or other forms of legal assistance." *Bounds,* 430 U.S. at 825.

To prevail on a denial of access claim, a plaintiff must show that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxey,* 674 F.3d 658, 661 (7th Cir. 2012); *Johnson v. Barczak,* 338 F.3d 771, 772 (7th Cir. 2003) (an inmate must

prove that "unjustified acts or conditions hindered his ability to pursue a nonfrivolous legal claim.").

"[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts,* and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been denied." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). It is undisputed that Love's appeal of the denial of his petition for post-conviction relief in the state courts was denied because his brief was not timely filed. Love has not presented evidence as to the substance of his appellate post-conviction claims. The trial court having denied his claims, Love has not shown that his claims on appeal were potentially meritorious.

Love has also not presented evidence that creates a genuine issue of fact that his failure to timely file his brief was caused by the defendants depriving Love of meaningful access to the prison law library or other alternative assistance. As noted, Love was not entitled to unlimited access to the law library. He was given passes to use the library on a number of occasions and he had the assistance of at least two other offenders, one of whom worked in the law library, in researching and preparing his brief.

It is understandable that Love believes that he should have been provided additional passes and more time in the law library. "Meaningful" access to the courts, however, does not mean that an inmate must be afforded whatever amount of time in the library he needs to prepare a brief. Love was able to file at least part of his brief on or before the final deadline, how much of the brief is not known. The appellate courts' decision not to grant Love an additional enlargement of time was not the fault of nor within the control of the defendants. Love was not shut out of court. *See Bounds,* 430 U.S. at 825 (the issue is whether law libraries or other forms of legal assistance give

an inmate "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."). Love was provided reasonable opportunities to use the law library and was allowed to receive some assistance from other offenders.

### IV. Conclusion

Love has not presented evidence sufficient to create a genuine issue of fact that the defendants denied him meaningful access to the courts. For the reasons explained above, the motion for summary judgment filed by defendants [dkt. no. 89] is **granted.** The plaintiff's motion to deny the defendants' motion for summary judgment [dkt. no. 99] is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/11/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Raymond NcNeil Love
DOC #881082
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064